IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAWN WEIHER,**

    Plaintiff,

vs.                                    CASE NO.:

**LINCARE PROCUREMENT, INC.,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, DAWN WEIHER, by and through her undersigned counsel, sues the Defendant, LINCARE PROCUREMENT, INC., a foreign company and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Americans With Disabilities Act Amendments Act of 2008.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. At all times material herein, Plaintiff, DAWN WEIHER, was and is resident of Pinellas County, Florida.

4. At all times material herein, Defendant, LINCARE PROCUREMENT, INC., was and is a foreign company, licensed and authorized to and doing business in Pinellas County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On September 14, 2020, Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").  The Right to Sue was issued on October 23, 2020.

## GENERAL ALLEGATIONS

8. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

9. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

10. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

11. Plaintiff requests a jury trial for all issues so triable.

12. Plaintiff intends to move to amend the complaint to add claims under Florida statutes chapter 760 once she has complied with the administrative prerequisites of that Act

## FACTUAL ALLEGATIONS

13. Plaintiff began her employment with the Defendant on or around August 2018 as a Category Manager, Indirects & IT in the Procurement department.

14. In July 2019, Plaintiff requested a reasonable accommodation to alter her arrival and departure schedule by ½ hour.  Plaintiff suffers from multiply qualifying disabilities.  Head of Procurement, Doran Fanning, approved Plaintiff's request

15. In the beginning of September 2019, Mr. Fanning tried to give Plaintiff a verbal warning for coming in late. Plaintiff reminded him that he had approved her request previously.

16. When Plaintiff challenged Mr. Fanning regarding his prior approval, he went to Human Resources. When he returned, he appeared frustrated and frazzled that Human Resources confirmed the approval of Plaintiff's request and told her, "HR told me that my actions could lead to a lawsuit." He again expressed frustration with Plaintiff.

17. On September 24, 2019, Plaintiff submitted a formal request for reasonable accommodations (to be able to go into work between 9:00 a.m. – 9:30 a.m.) which was approved by HR.

18. Within weeks, Plaintiff was, without prior discipline, given a "final written warning."

19. Despite the final warning, Plaintiff earned a performance bonus for 2019 significantly in excess of her target bonus which contradicted the final written warning criticizing her performance and efficiency.

20. After Plaintiff formally challenged the veracity and motive for Mr. Fanning's final warning, he began ignoring Plaintiff or when interacting with her, he did so in a disrespectful manner. Thereafter, Plaintiff's disabilities progressed.

21. In March 2020, Plaintiff began working remotely due to covid-19.

22. On July 14, 2020, Plaintiff requested some days off due to her medical condition and informed Mr. Fanning.

23. On July 20, 2020, Plaintiff sent Mr. Fanning an email requesting July 24, 2020 off due to an appointment with her surgeon. Mr. Fanning did not responded to her request.

24. The following day, again without any warning or discipline since Plaintiff's first

contested final warning 8 months earlier, Mr. Fanning called Plaintiff and terminated her.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

25. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 as if set out in full hereafter.

26. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments Act of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

27. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

28. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

29. Plaintiff raised concerns of discrimination and retaliation due to her disability.

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, DAWN WEIHER, demands a trial by trial and a judgment against Defendant, LINCARE PROCUREMENT, INC., in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

31. Plaintiff realleges and adopts the allegations in paragraphs 1 through 24 as if set out in full hereafter.

32. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

33. The above described acts constitute retaliation, in violation of the ADAAA.

34. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Attorney's fees and costs; and

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, DAWN WEIHER, demands a trial by trial and a judgment against Defendant, LINCARE PROCUREMENT, INC., in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

35.     Plaintiff, DAWN WEIHER, demands a trial by jury on all issues so triable.

**DATED** this 3rd day of November 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

/s/Wolfgang M. Florin
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:     wolfgang@fgbolaw.com
Secondary:   debbie@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff